## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TYLER M. JONES,
               Appellant,

     v.

DEPARTMENT OF JUSTICE,
               Agency.

DOCKET NUMBER
AT-0752-17-0799-I-1

DATE: February 21, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Kristen Farr, Esquire, and Rosemary Dettling, Esquire, Washington, D.C.,
   for the appellant.

Leslie A. Saint, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The agency issued a September 7, 2016 Letter of Requirement (LOR), concerning the appellant's use of unscheduled leave. Initial Appeal File (IAF), Tab 6 at 69-71. In the LOR, the agency notified him of the specific requirements he must follow to request leave of any type and explained that his continued failure to maintain regular attendance or comply with established leave policy may result in charges of absence without leave (AWOL) and his removal. *Id.* On July 18, 2017, the agency proposed removing the appellant from his GS-12 Intelligence Analyst position for continued excessive and unexcused absences. *Id.* at 6-7. After considering the appellant's written and oral responses, the agency removed him effective August 28, 2017. *Id.* at 12, 57-59.

The appellant filed a Board appeal and, after holding a hearing, the administrative judge reversed the appellant's removal. IAF, Tab 32, Initial Decision (ID). The administrative judge interpreted the agency's charge of "continued excessive and unexcused absences" as a charge of "excessive absences" and found that the agency failed to meet the first prong of that charge, i.e., that the employee was absent for compelling reasons beyond his control so that agency approval or disapproval of leave was immaterial because the employee could not be on the job. ID at 2 (citing *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984) (finding an exception to the general rule that an agency may not remove an employee for use of approved leave)).

In its petition for review, the agency asserts that it provided the required interim relief, and argues that the administrative judge erred in interpreting the charge as "excessive absences" because he ignored its contention that the absences at issue were unexcused.[2] Petition for Review (PFR) File, Tab 3 at 6. It argues that the *Cook* exception the administrative judge employed in adjudicating the appeal only applies to a charge of excessive approved absences, not the

_____

[2] The appellant has not argued that the agency failed to provide proper interim relief; thus, we do not address that issue.

unapproved instances of AWOL set forth in the notice of proposed removal. *Id.* at 6-11. It also argues that the penalty of removal is reasonable under the circumstances and promotes the efficiency of the service. *Id.* at 11-14. The appellant has responded in opposition to the agency's petition for review, and the agency has filed a reply to the appellant's response. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The *Cook* exception does not apply to this charge.

For the following reasons, we agree with the agency that the instant appeal is not governed by *Cook*. PFR File, Tab 3 at 6-11. In *Cook,* as noted above, the Board found an exception to the general rule that an agency may not take an adverse action based on an employee's use of approved leave, determining that an agency may remove an employee for such excessive absences when the following criteria are met: (1) the employee was absent for compelling reasons beyond his control so that agency approval or disapproval of leave was immaterial because the employee could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless he becomes available for duty on a regular full-time or part-time basis; and (3) the agency showed that the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis. *Cook*, 18 M.S.P.R. at 611-12. Thus, *Cook* specifically concerned an employee's excessive use of approved leave. *Cook*, 18 M.S.P.R. at 611. To the extent that periods of AWOL are included in an excessive absences charge, the Board will not consider those periods under the *Cook* standard, but instead will consider them as an AWOL charge. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 32 (2015), *overruled on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31.

On review, the appellant argues that even if the *Cook* exception does not apply in this case, the case cited by the administrative judge, *Fox v. Department*

*of the Army*, 120 M.S.P.R. 529 (2014), does. PFR File, Tab 5 at 10-11; ID at 2-3. The appellant argues on review that in *Fox*, the Board required the agency to meet the *Cook* test without distinguishing between approved and unapproved leave. PFR File, Tab 5 at 11 (citing *Fox*, 120 M.S.P.R. 529, ¶ 31). We are not persuaded.

The employee in *Fox* was not charged with unapproved absences, but rather with an inability to work a regular schedule. 120 M.S.P.R. 529, ¶ 31. In addition, contrary to the appellant's claim, the employee's leave in *Fox* apparently was approved. *Id.*, ¶ 15. In this matter, because every one of the specifications that comprise the agency's charge of "continued excessive and unexcused absences" indicate that the agency considered the appellant AWOL, the *Cook* exception does not apply. IAF, Tab 6 at 57-59; *Savage*, 122 M.S.P.R. 612, ¶ 32. Thus, even though the agency used the word "excessive" in its charge, it also alleged that the absences were "unexcused," and the administrative judge should not have required the agency to establish that the appellant was absent for compelling reasons beyond his control. ID at 3. Instead, this case is comparable to *Savage*, and the administrative judge should have adjudicated the appeal on that basis. *Savage*, 122 M.S.P.R. 612, ¶ 32.

Thus, we vacate the initial decision insofar as it ordered cancellation of the appellant's removal. Because the proper adjudication of the issue, as set forth below, may involve further factual determinations and will require credibility determinations that the administrative judge, who has held a hearing and personally observed the relevant testimony, is in the best position to make, we remand the appeal to the regional office for further adjudication. *See, e.g., Taylor v. Department of Homeland Security*, 107 M.S.P.R. 306, ¶ 13 (2007) (remanding an appeal for the administrative judge to make additional findings based on credibility).

In order for an agency to prove AWOL, the agency must show that the employee was absent, and that his absence was not authorized or that his request

5 for leave was properly denied. *Wesley v. U.S. Postal Service*, 94 M.S.P.R. 277, ¶ 14 (2003). A charge of AWOL will not be sustained if the appellant presents administratively acceptable evidence that he was incapacitated for duty during the relevant period and had sufficient sick leave to cover the period of absence. *Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶ 5 (2010). The parties stipulated to the fact that the appellant was absent on all the dates specified in the notice of proposed removal, except for four dates on which the agency recorded him as AWOL as a result of tardiness. ID at 3 n.1. However, the parties did not agree on whether those absences were unexcused, and the appellant also argues on review that the agency failed to show that it properly denied him leave. PFR File, Tab 3 at 7-10, 15-16. By virtue of the September 7, 2016 LOR, the appellant was on notice of the proper procedures to request leave and that he may be disciplined for any failure to comply. IAF, Tab 6 at 69-71.

Although the administrative judge found it undisputed that the absences specified in the notice of proposed removal were unexcused, he cited no evidence in support of his finding. ID at 3. The appellant challenges this finding on review. PFR File, Tab 5 at 7-9, 14-16. On remand, the administrative judge shall determine whether the appellant properly requested leave on each of the instances that he stipulated he was absent, and, if so, whether the agency properly denied that request. *Wesley*, 94 M.S.P.R. 277, ¶ 14. The appellant also argues on review that the agency should have to prove that his absences were "excessive." *Id.* at 4-5, 14. However, we do not interpret *Savage* to impose this additional element. *Savage*, 122 M.S.P.R. 612, ¶ 32. Moreover, the notice of proposed removal alleges that the appellant was AWOL for over 700 hours between January 19 and June 9, 2017, which, if proven, would be excessive. IAF, Tab 6 at 57-58. Because he reversed the appellant's removal, the administrative judge did not consider the appellant's allegation that the agency violated his right to due process. ID at 9. He should consider the appellant's due process claim on remand.

<u>The appellant did not prove his affirmative defenses of disability discrimination or retaliation for equal employment opportunity activity.</u>

The administrative judge found that the appellant failed to establish his affirmative defenses of disability discrimination (under either a reasonable accommodation or disparate treatment theory) or retaliation for equal employment opportunity (EEO) activity. ID at 4-9. The appellant does not challenge these findings on review. Upon remand, the administrative judge may readopt his findings as appropriate, subject to reanalysis of the charge.

Concerning the appellant's allegations of reasonable accommodation disability discrimination, the administrative judge found that the agency had no duty to accommodate the appellant. ID at 6-7. Specifically, he found no evidence that the appellant had expressly or impliedly requested a reasonable accommodation during the relevant time period. *Id.* The petition for review provides no basis to disturb this finding. Nevertheless, because the appellant argues that some of his absences should have been medically excused, and under certain circumstances leave may be a reasonable accommodation, the administrative judge should revisit his findings on this issue on remand in light of his analysis of the AWOL charge. PFR File, Tab 5 at 15-16; *see* 29 C.F.R. app. § 1630.2(o) (explaining that leave may be a form of reasonable accommodation).

Likewise, the administrative judge found no evidence to support the appellant's claim of disparate treatment disability discrimination, and concluded that the appellant failed to prove that his disability was a motivating factor in his removal. ID at 7-8. We agree with the administrative judge's analysis, which is consistent with *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 35-42.

Regarding the appellant's affirmative defense of retaliation for EEO activity, the administrative judge found that the appellant failed to prove that his EEO activity was a motivating factor in his removal. ID at 8-9. However, the record reflects that the EEO activity at issue concerned alleged disability

discrimination, and thus was protected under the Rehabilitation Act. IAF, Tab 24 at 5, Tab 26 at 28. After the initial decision was issued, the Board overruled previous case law and held that retaliation claims arising under the Rehabilitation Act must be adjudicated under a but-for causation standard rather than the less stringent motivating factor standard. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. Nevertheless, the appellant does not challenge the administrative judge's finding in his petition for review, and we find that analyzing the appellant's claim of retaliation for filing a disability discrimination complaint under *Pridgen* does not require a different result. Thus, we affirm the administrative judge's finding, as modified, to find that the appellant did not prove that his protected activity was a but-for cause of his removal. ID at 8-9.

The parties dispute on review whether the penalty of removal would be reasonable for the charged misconduct. PFR File, Tab 3 at 11-14, Tab 5 at 16-18, Tab 6 at 8-11. If the administrative judge finds that the agency proved its charge on remand, he should determine whether the penalty of removal was appropriate.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        *Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.